UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AARON A. TREDENICK, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-cv-785 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| NATIONWIDE AGRIBUSINESS INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

Plaintiff Aaron TreDenick, proceeding without the assistance of counsel, filed this lawsuit against Defendant Nationwide Agribusiness Insurance Company.  Defendant filed a motion for judgment on the pleadings (ECF No. 25).  The Magistrate Judge issued a report recommending the Court grant Defendant's motion (ECF No. 42 R&R).  Plaintiff filed objections (ECF No. 44).  The Court will adopt in part the Report and Recommendation and will grant in part the motion for judgment on the pleadings.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per

curiam).  As noted by the Magistrate Judge (R&R at 4 PageID.610), Plaintiff is not an attorney and the Court must liberally construe his filings.

The Magistrate Judge carefully reviewed the amended complaint (ECF No. 17) and Defendant's motion in preparing the R&R.  The Magistrate Judge organized the R&R to identify and discuss each claim.  Plaintiff does not argue that the Magistrate Judge overlooked any claim and does not contend that the Magistrate Judge misinterpreted any claim.

1.  Fraudulent Misrepresentation/Constructive Fraud.  The Magistrate Judge found that Plaintiff abandoned the claim in his response to the motion and also found that the complaint failed to allege sufficient facts to support the claim.  In his objections, Plaintiff does not specifically address either finding.  The Court agrees that a fraud or misrepresentation claim arising from statements made by Wayne Karn must be dismissed.

2. Breach of Written Insurance Contract/Constructive Fraud.  The Magistrate Judge found that Plaintiff declined to pursue any claim for breach of contract or fraud based on the insurance policy.  The Magistrate Judge also identified two reasons to dismiss the claim: (1) the mediation agreement released the breach claim and (2) the policy of insurance contains a two-year limitations period, which has expired.  In his objection, Plaintiff does not specifically address the finding that he declined to pursue the claim for breach or for fraud.  Plaintiff references the six-year statute of limitations for contracts but does not address the Magistrate Judge's discussion of how parties can agree to limit the statutory period, which they did here.  The Court agrees that the breach of contract and fraud claim based on the insurance policy must be dismissed.

3.  Breach of Mediation Agreement/Constructive Fraud

a.  Breach of Confidentiality Provision.  Plaintiff alleges Defendant violated the confidentiality of the settlement agreement (Compl. ¶ 29 PageID.119).  Plaintiff attaches to the complaint a letter in which plaintiff's counsel writes that defendant's counsel "admitted" to deliberately breaching the Settlement Agreement by "disclosing the settlement" to four different individuals (ECF No. 17-6 PageID.159).  The Magistrate Judge found that the letter on which Plaintiff's claim is based accuses counsel for Defendant of disclosing the existence of a settlement, not the agreement itself or the terms of the agreement.  The Magistrate Judge concludes that disclosing the existence of a settlement does not amount to breach of the confidentiality provision and recommends the Court dismiss the claim.

Plaintiff objects.  Plaintiff contends the confidentiality provision prohibits disclosure even of the existence of the agreement.  Plaintiff further contends that counsel for defendant actually disclosed the amount of the settlement to third parties.

The Court will uphold Plaintiff's objection.  The relevant language in the agreement states as follows: "This Settlement Agreement, and the terms, conditions, and payments set forth herein, will be kept confidential except as to …, or as may otherwise be required by law" (ECF No. 17-5 PageID.155).  As authority for its argument, Defendant cites *Haskett v. Capital Land Services, Inc.*, No. 3:14cv279, 2015 WL 12556307 (S.D. Dec. 9, 2015), an opinion granting a motion for summary judgment to which the pro se plaintiff did not file any response.  The defendant in *Haskett* provided a redacted version of the settlement agreement to the EEOC which the court concluded did not violate the language of the

confidentiality provision ("The parties shall keep this Agreement confidential and shall not disclose to any third party ... the Settlement sum."). The Court generally agrees that the language in the agreement here and the language in the agreement in *Haskett* are similar; the parties agreed that the settlement agreements were confidential. Beyond that conclusion, *Haskett* offers little persuasive value. *Haskett*, an unpublished district court opinion interpreting Colorado law, is not binding on this Court. Defendant has not provided any authority suggesting that Michigan law is similar to Colorado law.

The rule of procedure applied in *Haskett* also provides a reason for the different outcome. The question raised by Defendant's motion is whether Plaintiff has pled a *plausible* claim, not whether evidence in the record supports Plaintiff's claim, as was the motion in *Haskett*. The Court is mindful that it must construe the pleading liberally. The letter written by former counsel for Plaintiff asserts that opposing counsel *admitted* to breaching the agreement by disclosing the agreement to third parties, although it does identify any specific term that was disclosed. As pled, Plaintiff has stated a plausible claim and Defendant is on notice of the basis of the claim against it. The pleading, which includes the letter, amounts to more than a naked assertion of the elements of a claim: it identifies who made the disclosure, to whom the disclosure was made, and represents that what was disclosed violated the confidentiality provision. Should Defendant ultimately prove that only the existence of the agreement was disclosed, Defendant might well be able to prevail on summary judgment, which was the situation in *Haskett*.

b. Inclusion of Attorney Tallman on the Settlement Check. The Settlement Agreement states that "Defendant will pay Plaintiffs the total amount of Nine Hundred Fifty

Thousand" dollars (ECF No. 17-5 PageID.154).  Plaintiff contends Defendant breached the settlement agreement by making the check out to both Plaintiff and his attorney.  The Magistrate Judge concludes that, because Michigan law recognizes attorney charging liens, including the attorney's name on the check did breach the agreement.  The Magistrate Judge also found that Plaintiff waived this claim by endorsing the check.

Plaintiff objects.  Plaintiff insists that he did not agree to have counsel's name on the check and notes that counsel was neither named in the insurance policy agreement or in the mediation agreement.

The Court will overrule the objection.  In its motion, Defendant argued that by endorsing the check, Plaintiff waived any claim that the check should have been made payable only to Plaintiff and his wife (ECF No. 25 PageID.412).  The Magistrate Judge made the same conclusion (ECF No. 42 PageID.616).  Plaintiff does not specifically address this argument in his response to the motion or in his objection to the R&R.  Although Plaintiff does not plead that he endorsed the check, he attaches the check with his signature as an exhibit to the complaint (ECF No. 17-7 PageID.161).  The Court also agrees with Defendant that the terms of the settlement agreement do not support this claim for breach (ECF No. 25 PageID.412).  The parties agreed that Defendant would pay Plaintiff $950,000, which it did through the check.  The agreement does not contain any particular limitations on the method of payment.

The Court does not adopt the portion of the Report and Recommendation concerning the attorney's charging lien.  Defendant filed a Rule 12(c) motion, and the Court can consider, with limited exceptions, only the pleading and attached documents.  As

Defendant argues in the motion and as discussed in the R&R, an attorney's charging lien would be enforceable against a third party only if the third party has actual notice of the lien. The pleading and attached documents do not provide any basis for the Court to conclude that Defendant had any knowledge of the financial arrangements between Plaintiff and counsel at the time of the settlement such that Defendant had actual notice of facts that might give rise to a charging lien.

c.    Failure to Pay Liens.   Plaintiff asserts that Defendant breached the mediation agreement by failing to play liens on farm equipment and other property destroyed by the fire.  The Magistrate Judge concludes that Defendant only agreed to pay $950,000.

The Court infers that Plaintiff intends to object.  Plaintiff insists that Defendant had an obligation to pay the liens.  Plaintiff also summarizes what the meditator allegedly told Plaintiff about Defendant's obligations.

The Court overrules the objection.  Plaintiff has not pled a violation of the mediation agreement based on Defendant's alleged failure to pay these (unspecified) liens.  If the mediation agreement covers all of Plaintiff's claims against Defendant, which would include the liens, then the release covers these liens.  Alternatively, if Defendant has some obligation to pay the liens separate from the mediation agreement and not covered by the mediation agreement, then Defendant's failure to pay the liens violates that other separate obligation and does not constitute a breach of the mediation agreement.

d.    Alleged Theft and Malpractice by Attorney Tallman.  To the extent the complaint alleges theft or malpractice by attorney Tallman, the Magistrate Judge recommends dismissing the claim.

Plaintiff appears to object; he refers to counsel as a "Liar and a Crook and a Thief" (ECF No. 44 PageID.626).  The Court will overrule the objection but will not dismiss the claim with prejudice.  As Defendant points out in its motion, any claim for malpractice against Tallman is not a claim that Plaintiff can bring against Nationwide, the only named defendant in this lawsuit.

e. Agreements with Plaintiff's Banks.  Plaintiff alleges constructive fraud and breaches of both the insurance policy and the mediation agreement based on Defendant's "backroom deals" with Plaintiff's banks and creditors.  Defendant argues that the claim lacks sufficient factual allegations to state a claim.  The Magistrate Judge concludes the factual allegations do not state a claim for breach or for fraud.  In his objection, Plaintiff does not specifically address this claim or the relevant conclusions and recommendation of the Magistrate Judge.

## ORDER

Consistent with the accompanying Opinion, the Court **ADOPTS IN PART** the report and recommendation (ECF No. 42).  And, the Court grants in part Defendant's motion for judgment on the pleadings (ECF No. 25).  The Court declines to dismiss Plaintiff's claim for breach of the confidentiality clause.  The Court will dismiss Plaintiff's other claims.  The Court dismisses Plaintiff's claim against Tallman without prejudice.

**IT IS SO ORDERED.**

Date:    March 15, 2024                                       /s/  Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge